26-mj-1010-DLC

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Brian A. Smith, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state the following:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Boston office of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been an HSI Special Agent since 2021. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia where I received training to become a federal agent; specifically, I received a certification in the Criminal Investigator Training Program and the HSI Special Agent Training Program. I have a Master of Science degree in Homeland Security from Endicott College and received an honorable discharge from the United States Marine Corps after completing four years of active-duty service.

2. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, the transfer of obscene material to minors, and transportation of minors, including but not limited, to violations of 18 U.S.C. §§ 1470, 2422, 2423, 2251, and 2252A. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256). My specialized child exploitation training includes the completion of the Internet Crimes Against Children ("ICAC") Investigative Techniques course hosted by the National Criminal Justice Training Center.

3. I submit this affidavit in support of a criminal complaint charging Mark HUYNH ("HUYNH") (YOB 1986), of Providence, Rhode Island, with one count of transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1).

4. The statements contained in this affidavit are based in part on: information provided by HSI and Customs and Border Protection ("CBP") agents; my review of the forensic materials; other information about this investigation that I have received, directly or indirectly, from other law enforcement agents; and my experience, training, and background as a Special Agent with HSI. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included every fact known to me concerning this investigation. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## PROBABLE CAUSE

5. On June 23, 2025, HUYNH traveled from Doha, Quatar to Boston, Massachusetts on a commercial aircraft. Upon his arrival at Boston Logan International Airport, HUYNH was identified by CPB officers for having an outstanding warrant out of Providence, Rhode Island, for second degree child molestation, in a matter now currently pending in Rhode Island state court. HUYNH was arrested on that warrant at gate E15 and transported for further screening.

6. During this further screening, HUYNH provided officers the passcode to his devices, specifically a Samsung Galaxy S23 Ultra, model number SM-S918U (the "Samsung Galaxy") and a Lenovo laptop. A CBP officer manually reviewed both these devices. In reviewing the Samsung Galaxy, the CBP officer observed videos in a hidden locked folder within

2

the Google Photos[1] application that appeared to depict child pornography.[2] The pin number to access the device was the same pin number to access the hidden locked folder. The device was detained, and HSI agents from the Cyber Crimes group were called to respond for further execution of the border search. CBP showed HSI where they found the videos and HSI confirmed they depicted child pornography. I have reviewed that material and confirm it constitutes child pornography.

7. On the same day, HSI attempted to interview HUYNH at Boston Logan Airport. The interview was audio recorded. HUYNH was advised of his *Miranda* rights orally and in writing. HUYNH exercised his Fifth Amendment right and chose not to speak with law enforcement without a lawyer present, which brought the interview to an end.

8. Following the interview, HUYNH's electronic devices were seized at the airport and transported to the HSI forensic laboratory for further forensic review. HUYNH was subsequently taken into custody by the Massachusetts State Police in connection with the outstanding warrant.

9. On or about July 17, 2025, agents successfully extracted the data from the Samsung Galaxy and conducted a preliminary review of that data. The device name for the Samsung Galaxy was "Mark's S23 Ultra," and the phone number associated was xxx-xxx-7220.

---

[1] Google Photos is a cloud-based photo and video storage service that allows users to back up, organize, and access their media across devices. It also offers features like hidden folders to securely store private photos and videos.

[2] "Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." *See* 18 U.S.C. § 2256(8)(A). In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children. Where I use that term in this affidavit, it is to refer to child pornography as defined by federal statute.

Two email addresses were connected with the device, one of which consisted in part of the target's first name's initial ("M") and full last name ("Huynh"). Several applications were installed on the device, including Facebook, Snapchat, and Google Photos.

    10.    An examination of the data and content within the Google Photos application revealed approximately 33 media files that appear to depict child pornography.[3] These media files were in a hidden locked folder within the Google Photos application that was accessible with the same passcode that opened the phone. The following are descriptions of two child pornography files:

    a. <u>File Name</u>: full-penetration_Girl_Hardcore_Mixed_Pedophilia_Full-quality

        <u>Description</u>: The video is approximately one minute and one second in length and depicts a prepubescent female, who I believe is approximately 7 to 9 years old, based on the overall size of her body, her childlike features, and lack of

---

[3] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (finding that affiant's "legal conclusion parroting the statutory definition . . . absent any descriptive support and without an independent review of the images" was an insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described herein appear to be between four and nine years old—in all events, younger than 18. Furthermore, the descriptions of the files here are sufficiently specific as to the age and/or appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images <u>or provide a sufficiently specific description of the images</u> to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that it depicts child pornography.

breast development and pubic hair. The girl is depicted fully nude lying on her back with her legs spread. An adult male penis is positioned in between the girl's legs and is penetrating her anus with his penis until he ejaculates.

b. <u>File Name</u>: girl-sex-with-dad_Medium-quality

<u>Description</u>: The video is approximately two minutes and 19 seconds in length and depicts a prepubescent female, who I believe is approximately 4 to 6 years old, based on the overall size of her body, her childlike features, and lack of pubic hair. The girl is depicted fully nude lying on her back with her legs spread. The focus of the video is an adult male penis penetrating the girl's vagina.

11. In addition, forensic examiners discovered a video within a downloads folder of the file system. The video is approximately 25 seconds in length and depicts a prepubescent female, who I believe is between 9 and 11 years old, based on her overall body size, childlike features, and lack of breast development. The girl is depicted wearing a pink tank top and white skirt while sitting in a chair. A male voice, believed to be HUYNH's[4], is heard stating, "Let's check again to make sure it's okay." A male hand appears, lifts the girl's shirt, and touches her breast and nipple. The camera then moves so close to the girl's chest that the screen appears blacked out and non-visible for a few seconds until the camera backs out and the girl can be seen again. Law enforcement has identified this victim and spoken with her mother, who positively identified the victim in the video. This is a separate victim from the victim who is the subject of

---

[4] I believe the voice in the video is HUYNH's based on hearing his voice during his interview at Boston Logan Airport and in other videos of HUYNH that were observed on his cell phone.

the open Rhode Island matter (second degree molestation of a child) that issued the arrest warrant that was executed at Boston Logan airport as recounted above.

12. Based on all of the foregoing, I submit that there is probable cause to believe that on or about June 23, 2025, Mark HUYNH knowingly transported any child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(1).

_Brian Smith_
Special Agent Brian Smith
Homeland Security Investigations

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of February 10 2026.

HONORABLE DONALD J. CABELL
UNITED STATES CHIEF MAGISTRATE JUDGE